**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Kawar, | No. CV-08-0046-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| JP Morgan Chase and Co., | |
| Defendant. | |

Defendant has filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) and Local Rule 7.2(g). Dkt. #147. Defendant asks the Court to reconsider its June 16, 2009 order denying its motion for summary judgment of Plaintiff's discrimination claim and granting Plaintiff's partial motion for summary judgment on the issue of mitigation of damages. Dkt. #143. Defendant also requests a ruling regarding its motion for summary judgment on Plaintiff's claim for punitive damages. For the reasons that follow, the Court will deny the motion for reconsideration and defer ruling on Plaintiff's claim for punitive damages..

**I.     Background.**

Plaintiff is of Middle Eastern descent. He began working for Defendant JPMC in 2002 as Producing Sales Manager in the non-prime lending division. In April of 2004, Plaintiff was given the title of Branch Manager. During the summer of 2007 a mortgage crisis occurred and Defendant decided to merge its non-prime division with the prime division. At the time there were six Non-Prime Branch Managers, including Plaintiff.

Plaintiff was the only minority among the six. As a result of the reorganization, Defendant offered three of the six managers positions as Producing Sales Managers, terminated the employment of another manager, and offered Plaintiff and the remaining manager the option of either taking a position as a loan officer or receiving a severance package. Plaintiff declined the loan officer position and filed a complaint in this Court alleging unlawful discrimination, retaliation, and violation of 42 U.S.C. § 1981. On June 16, 2009, the Court issued an order granting Defendant summary judgment on Plaintiff's retaliation claim, denying Defendant summary judgment on Plaintiff's discrimination claims, and granting Plaintiff summary judgment on Defendant's mitigation of damages defense. Dkt. #143.

**II.      Legal standard.**

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. April 15, 2008) (citing *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995)). Mere disagreement with an order is an insufficient basis for reconsideration. *See id.* (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988)). Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *See id.* (citing *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)); *see also N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

**III. Discrimination claims.**

Defendant requests that the Court reconsider its denial of summary judgment on Plaintiff's discrimination claims because (1) the evidence relied on by the Court is inadmissible hearsay, (2) the statements are insufficient to create an issue of fact because they are stray remarks unrelated to the decisional process, and (3) Plaintiff failed to show under the Court's prima facie analysis that those treated more favorably were similarly situated to him. Dkt. # 147 at 1-2. With regard to Defendant's contention that the evidence relied upon by the Court is inadmissible hearsay, Defendant failed to make this argument in its motion for summary judgment with respect to three of the four statements it now disputes. *See* Dkt. #141 at 3-4. The Court will not consider new arguments in a motion for reconsideration. Even excluding the statement that Loan Officer Fred Grise made to Kawar, the Court finds that the remaining statements are sufficient to raise a question of fact on pretext.

Defendant asserts that the statements cited by the Court are stray remarks unrelated to the decisional process. Dkt. #147 at 3. The Court disagrees. In its June 16, 2009 order the Court cited statements made by Nicholson, Barker, and Richards. Dkt. #143 at 8. Nicholson stated in his deposition that when he called Heaton because he was concerned about losing his job, Heaton told Nicholson "that's not necessarily true, because Mike Downing doesn't like Rich Kawar" because Kawar "had burned too many bridges." Dkt. #136-5 at 47. Barker stated in his deposition that his new boss, Margo MacLean, told him that one of the reasons Kawar was no longer with the company was because "he didn't play the political game." Dkt. #136-3 at 4. Richards stated that when he was hired before the restructuring he was told that he would replace Kawar in approximately 60 to 90 days. Dkt. #136-5 at 54. Although Defendant argues that these statements are stray remarks unrelated to the decisional process, each statement related to an explanation for Defendant's decision not to offer Plaintiff a position that conflicts with the legitimate, non-discriminatory explanation proffered by Defendant. As the Court stated in its order, "once the employer's justification has been eliminated, discrimination may well be the most likely alternative

1  explanation, especially since the employer is in the best position to put forth the actual reason
2  for its decision." Dkt. #143 at 9 (citing *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133,
3  147(2000)).

4  Finally, Defendant argues that the Court should reconsider its denial of summary judgment because Plaintiff failed to show that those treated more favorably were similarly situated to him in all material respects. Dkt. #147 at 5-6 (citing *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006)). Defendant admits that Nicholson, Lewis, and Koenig were all Non-Prime Branch Managers, but argues that they worked at geographic locations that housed both prime and non-prime branches while Kawar worked at a location that housed only a non-prime branch. Defendant asserts that Kawar differed from the others in geography and therefore they were not similarly situated in all material respects. The Court does not agree. It is undisputed that the other Non-Prime Branch Managers who received a management position held the same position as Kawar. If anything, Kawar had more experience in the position. Although Defendant focuses on geography because it contends that its legitimate, non-discriminatory basis for not offering Plaintiff a management position was based on geography, the Court has already determined that Plaintiff has sufficiently shown this reason to be pretextual. The Court does not agree that Plaintiff must show that he managed the same location in order to be similarly situated to those treated more favorably.

## IV. Mitigation of damages defense.

Defendant argues that the Court should not have granted Plaintiff summary judgment on the mitigation of damages defense because Defendant merely had to make a showing sufficient to establish that jobs were available and were substantially equivalent to the Non-Prime Branch Manager or Producing Sales Manager positions. Dkt. #147 at 7. Defendant asserts that because the Non-Prime Branch Manger position no longer exists, a jury could reasonably conclude that the jobs presented by Defendant are substantially similar to the Non-Prime Branch Manager or Producing Sales Manager positions. *Id.* at 8. The Court agrees that Defendant needed to show that, viewing the evidence in the light most favorable

1  to Defendant, jobs were available that a reasonable jury could conclude were substantially
2  equivalent to the Non-Prime Branch Manager or Producing Sales Manager positions.
3  Defendant, however, produced no evidence whatsoever that the positions found by Nicholson
4  or Heaton were comparable to either position. Defendant did not provide any evidence
5  regarding what either position entailed or the salary of the position. Dkt. #133 at 11-12.
6  Defendant therefore failed to meet its low burden.

**V.     Plaintiff's claim for punitive damages.**

Defendant has requested a ruling on its motion for summary judgment on Plaintiff's claim for punitive damages. Dkt. #147 at 10. Under Arizona law, Plaintiff is not entitled to punitive damages unless he can prove by clear and convincing evidence that Defendant acted with an "evil mind." *Linthicum v. Nationwide Life Ins. Co.*, 723 P.2d 675, 680 (1988). Defendant contends that Plaintiff cannot meet this burden because his discrimination claim is based on Defendant's decision to eliminate the non-prime management structure and eliminate Plaintiff's position due to lack of availability. *Id.* The Court notes that the standard cited by Defendant pertains to Plaintiff's state law claims, which have since been dismissed.

Plaintiff argues that Defendant's motion is premature because both Title VII and 42 U.S.C. § 1981 allow punitive damages where there is intentional discrimination "with malice or with reckless indifference to the federally protected right of an aggrieved individual." Dkt. #135 at 16 (citing 42 U.S.C. § 1981a(b)(1)). Plaintiff contends that the jury must determine the Defendant's state of mind and therefore the Court should reserve ruling on this issue until the completion of Plaintiff's presentation of the case. *Id.* at 17.

The Court will defer its ruling on punitive damages until the completion of Plaintiff's presentation of the case. Plaintiff has provided evidence that Defendant's assertion that it did not offer Plaintiff a position based on his location was pretextual and a reasonable jury could infer that the most likely explanation is discrimination. In addition, Plaintiff has presented evidence that Defendant was planning to terminate Plaintiff's employment before the financial crises which resulted in all Non-Prime Branch Managers losing their positions.

The Court cannot conclude that a reasonable jury would be unable to infer malice or reckless indifference to Plaintiff's federally protected rights from this evidence. *See* 42 U.S.C. § 1981a(b)(1). The Court therefore will defer its ruling on this issue until the completion of Plaintiff's presentation of evidence.

**IT IS ORDERED:**

1. Defendant's motion for reconsideration (Dkt. #147) is **denied**.
2. The Court will defer its ruling on Defendant's motion for summary judgment on Plaintiff's punitive damages claim.

DATED this 7th day of August, 2009.

David G. Campbell
United States District Judge